United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SHARMIN S.,[1]<br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br>*in their official capacities*,<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:26-cv-114 |

**REPORT AND RECOMMENDATION**
**TO DENY PETITIONER'S HABEAS PETITION**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 (Dkt. No. 1) ("Petition").[2] Petitioner requests the Court grant the Writ of Habeas Corpus and order Respondents to release her from immigration detention. Dkt. No. 1 at 12. For the following reasons, it is recommended the Court deny the Petition.

Petitioner is an Iranian national, currently detained by Immigration and Customs Enforcement at the El Valle Detention Facility in Raymondville, Texas. Dkt. No. 1 at 2. Petitioner states she entered the United States on March 29, 2025. *Id*. at 6. On November 20, 2025, an Immigration Judge ordered Petitioner's removal after deeming her Form I-589 Application incomplete and abandoned. *Id*. at 18. She filed a timely Notice of Appeal with the Board of Immigration Appeals ("BIA") on December 12, 2025. *Id*. at 6. The appeal remains pending. *Id.*

Petitioner challenges her current detention by immigration authorities on two main grounds. Dkt. No. 1 at 8-11. First, Petitioner argues Respondents' statutory authority to detain her falls under 8 U.S.C. § 1226(a). *Id*. at 11. Thus, Petitioner contends she qualifies

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioner later filed a "Motion to Expedite Ruling on Habeas" (Dkt. No. 13).

for being released either on bond or on conditional parole. *Id.* Second, Petitioner claims her detention is prohibited under the Due Process clause for a lack of an individualized hearing before a neutral decisionmaker. *Id.* at 9. The Court finds neither argument persuasive for the following reasons.[3]

First, Petitioner's challenge to the statutory authority under which she is detained fails, because Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Second, Petitioner's challenge to her detention while her appeal to the BIA remains pending fails, because detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). While the Court has acknowledged the possibility of instances where such detention could strain constitutional limits, *see, e.g.*, *id.* at 532 (Kennedy, J., concurring), Petitioner has not raised that family of issues in this Petition, *see* Dkt. No. 1.

It is therefore recommended that the Court:

(1) **DENY** the Petition (Dkt. No. 1),

(2) **GRANT** Respondent's Motion for Summary Judgment (Dkt. No. 11)

(3) **DENY** Petitioner's Motion to Expedite Ruling on Habeas (Dkt. No. 13)

(4) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

[3] Petitioner makes additional arguments pertaining to erroneous pretermission (Dkt. No. 1 at 10), her marriage to a U.S. citizen (*Id.* at 12), and the Administrative Procedure Act (Dkt. No. 8 at 6). This Court finds it unnecessary to address these arguments as they are complaints on how her immigration case was handled by the Immigration Court.

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 21, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge